IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01727-BNB

RONNIE VAUGHN,

    Plaintiff,

v.

D. BERKEBILE, Federal Bureau of Prisons, and
RANGEL, Unit Manager, Federal Bureau of Prisons,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE TO
A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff, Ronnie Vaughn, is incarcerated in the Federal Bureau of Prisons (BOP) at the ADX facility in Florence, Colorado. He initiated this action on July 1, 2013 by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) asserting a deprivation of his constitutional rights.

    On July 10, 2013, Magistrate Judge Boyd N. Boland reviewed the Prisoner Complaint and determined that it was deficient because it failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Magistrate Judge Boland directed Mr. Vaughn to file, within thirty days of the July 10 Order, an amended complaint that complied with Fed. R. Civ. P. 8. Plaintiff filed an Amended Complaint on July 31, 2013 [Doc. # 8].

    Mr. Vaughn has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915

(2011). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Mr. Vaughn is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court will dismiss the Amended Complaint, in part.

Mr. Vaughn alleges in the Amended Complaint that on March 12, 2012, he was transferred from the ADX to USP-Florence, Colorado, to participate in a twelve-month pre-transfer step down program. On July 11, 2012, Plaintiff and his cell mate received an incident report and were transferred back to the ADX. Plaintiff requested a copy of the videotape of the incident to submit as evidence before the prison Disciplinary Hearing Officer (DHO). At the July 30, 2012 hearing, the DHO found Mr. Vaughn guilty of the charged offense without reviewing the videotape. The DHO expunged the incident report issued to Plaintiff's cell mate and the cell mate was reinstated to the step down program at USP-Florence. Mr. Vaughn was sent to ADX administrative segregation. Plaintiff submitted an informal administrative remedy request to Defendant Rangel complaining that his administrative remedy appeal rights were being undermined by the DHO, who refused to provide Plaintiff with a copy of his DHO Report. Plaintiff did not receive the DHO Report until February 8, 2013, approximately seven months after the hearing, in violation of the Bureau's

administrative regulations. Mr. Vaughn filed an administrative appeal of the disciplinary conviction and the Regional Director remanded to the DHO for reconsideration on April 25, 2013. The DHO thereafter expunged the disciplinary conviction, but Defendant Warden Berkebile has refused to reinstate Mr. Vaughn into the pre-transfer step down program. Plaintiff asserts that he has been treated differently from his cell mate, in violation of his equal protection rights. For relief, Mr. Vaughn asks the Court to order Defendant Berkebile to reinstate him into the pre-transfer step down program at USP-Florence.

Mr. Vaughn cannot maintain a claim against Defendant Rangel under *Bivens* or under 28 U.S.C. § 1331. Plaintiff alleges that Defendant Rangel failed to address his internal complaints that the DHO was not following the BOP's procedures for allowing inmates to appeal prison disciplinary convictions. However, there is no independent constitutional right to use federal administrative grievance procedures. *See Boyd v. Werholtz*, No. 10–3284, 443 F. App'x 331, 332 (10th Cir. Oct. 3, 2011) (unpublished) (applying rule to state prison administrative procedures) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994)). Moreover, "'federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure.'" *Rauh v. Ward*, No. 04-6089, 112 F. App'x 692, 694 (10th Cir. Oct. 14, 2004) (unpublished) (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991)); *see also Bingham v. Thomas,* 654 F.3d 1171, 1177–78 (11th Cir. 2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure). "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right

of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick,* 932 F.2d at 729.  Mr. Vaughn has not been denied his right of access to the courts.  Accordingly, the Court finds that Defendant Rangel is an improper party to this action and therefore she will be dismissed.

The Court will not address at this time the merits of Plaintiff's Fifth Amendment equal protection claim against Defendant Warden Berkebile.  Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 40.1A because the Court has completed its review pursuant to 28 U.S.C. § 1915(e)(2).  Accordingly, it is

ORDERED that Defendant Rangel is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because Plaintiff's claim against that defendant is based on an indisputably meritless legal theory.  It is

FURTHER ORDERED that the claim(s) against Defendant Berkebile shall be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 40.1A.

DATED at Denver, Colorado, this  7th  day of   August  , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court