IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01727-RBJ-BNB

RONNIE VAUGHN,

Plaintiff,

v.

D. BERKEBILE, Federal Bureau of Prisons,

Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on **Defendant's Motion to Dismiss** [Doc. #25, filed 11/20/2013] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416

U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") at the

United States Prison, Administrative Maximum in Florence, Colorado ("ADX").  He filed his

Amended Prisoner Complaint [Doc. #8] (the "Complaint") on July 31, 2013.  On August 7,

2013, the court dismissed all claims except the plaintiff's equal protection claim against

defendant Warden Berkebile [Doc. #9].

The Complaint contains the following allegations:

1.  On March 20, 2012, the plaintiff was transferred from the ADX to the "D/B Unit" at

the United States Penitentiary ("USP"), which is a "pre-transfer step-down unit that is a 12

month program for rehabilitation to go back out to" the USP.  *Complaint*, p. 4.[1]

2.  The plaintiff was in the step-down program for 3 ½ months.  On July 11, 2012, he

and his cell mate received an incident report.  They were transferred back to the ADX on July

18, 2012, to await a  hearing on the issue.  The plaintiff requested a copy of the videotape of the

incident to submit as evidence before the Disciplinary Hearing Officer ("DHO").  Id.

3.  The DHO hearing was held on July 30, 2012.  The DHO found the plaintiff guilty of

the charged offense without reviewing the videotape.  The plaintiff was sent to ADX

administrative segregation.  The DHO expunged the incident report issued to the cell mate, and

the cell mate was reinstated to the step down program.  Id.

---

[1]The Complaint is not consecutively paginated.  Therefore, I cite to the pages of the
Complaint as they are assigned by the court's docketing system.

4.   The plaintiff did not receive a copy of the DHO Report until February 8, 2013,
approximately seven months after the hearing.  Id. at pp. 6, 8.  The plaintiff filed an
administrative appeal of the disciplinary conviction.  The Regional Director remanded the matter
back to the DHO for reconsideration on April 25, 2013.  The DHO expunged the disciplinary
conviction, but Warden Berkebile has refused to reinstate the plaintiff in the step down program.
Id. at p. 8.

5.   The plaintiff was treated differently from his cell mate in violation of his equal
protection rights.  Id.

The plaintiff's only request for relief is that Warden Berkebile reinstate him in the step
down program.[2]  Id. at p. 10.

### III.   ANALYSIS

The Fourteenth Amendment provides that "[n]o State shall make or enforce any law
which shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S.
Const. Amend XIV, § 1.  The equal protection guarantee applies to the federal government
through the Due Process Clause of the Fifth Amendment.  Adarand Constructors, Inc. v. Slater,
228 F.3d 1147, 1152 (10th Cir. 2000).  Equal protection mandates that the government shall treat
similarly situated persons alike.  Id.

The plaintiff alleges that he was not treated the same as his similarly situated cell mate.
In Templeman v. Gunter, 16 F.3d 367 (10th Cir. 1994), the plaintiff alleged that he was
regressively transferred to administrative segregation in violation of his equal protection rights

---

[2]In his response to the Motion, the plaintiff adds allegations and claims against Berkebile.
The plaintiff may not amend his Complaint in this manner.  Moreover, I will not address claims
asserted for the first time in a response to a dispositive motion.

because he was not treated the same as similarly situated inmates.  In upholding the district

court's dismissal of the plaintiff's equal protection claim, the circuit court stated:

> [C]lassification decisions are discretionary.  Even though the
> regulations offer a list of criteria to consider, DOC officials must
> weigh the various criteria and whatever else seems relevant in
> making the qualitative judgment how to classify an individual
> inmate.  Despite Templeman's allegations, it is "clearly baseless"
> to claim that there are other inmates who are similar in every
> relevant respect.  Not only might the DOC classify inmates
> differently because of slight differences in their histories, but they
> also might classify inmates differently because some still seem to
> present more risk of future misconduct than others. Templeman's
> claim that there are no relevant differences between him and other
> inmates that reasonably might account for their different treatment
> is not plausible or arguable.

Id. at 371.  See also Fogle v. Pierson, 435 F.3d 1252, 1261 (10th Cir. 2006) (stating that because

inmate classification is discretionary, it is not plausible to claim that there are other inmates who

are similar in every relevant respect for purposes of equal protection claims).

As in Templeman, it is not plausible that the plaintiff's cell mate was similar to the

plaintiff in every relevant respect.  To the contrary, both the incident report and the DHO report

state that the plaintiff was charged with making alcohol in his cell, and he admitted that the

substance was his, not his cell mate's.[3]

---

[3]The defendant has submitted copies of both the incident report and the DHO report.
*Motion*, Exs. 1 and 2.  "[I]f a plaintiff does not incorporate by reference or attach a document to
its complaint, but the document is referred to in the complaint and is central to the plaintiff's
claim, a defendant may submit an indisputably authentic copy to the court to be considered on a
motion to dismiss."  GFF Corp. v. Associated Wholesale Grocers, 130 F.3d 1381, 1384-1385
(10th Cir. 1997).  The incident report and the DHO report are central to the plaintiff's claims,
and their authenticity is not disputed.

The Complaint does not allege any facts that would invoke the equal protection clause. The Motion should be granted insofar as it seeks dismissal of the plaintiff's equal protection claim.

## IV.   CONCLUSION

I respectfully RECOMMEND that the Defendant's Motion to Dismiss [Doc. #25] be GRANTED and that the Complaint be DISMISSED.[4]

Dated May 5, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[4]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).